# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| GOTHAM HOLDINGS, LP, et al., | ) | |
| | ) | |
| Plaintiffs/Appellees, | ) | Case No. 09 CV 1843 |
| | ) | |
| v. | ) | District Judge James B. Zagel |
| | ) | |
| HEALTH GRADES, INC., | ) | Magistrate Judge Susan E. Cox |
| | ) | |
| | ) | Related to Case No. 07 CV 2563, |
| Defendant/Appellant. | ) | pending in the Southern District of |
| | ) | New York. |
| | ) | |

## MOTION TO STAY AND FOR EXPEDITED RULING

Defendant Health Grades, Inc. ("Health Grades"), by its counsel, Kelley Drye & Warren, LLP, and pursuant to Fed. R. Civ. P. 62(c), hereby moves the Court: (1) to stay the Order entered on May 11, 2009, pending resolution of Health Grades' appeal of that Order, or, in the alternative, stay the Order until the Seventh Circuit rules upon Health Grades' motion to stay; and (2) for an expedited ruling on this request. In support of its Motion, Health Grades states as follows:

## INTRODUCTION

On June 4, 2007, final judgment was entered in an arbitration between Health Grades and Hewitt Associates, LLC ("Hewitt"). Pursuant to the arbitration clause between the parties, "all aspects" of the arbitration were to be treated as confidential. Furthermore, in accordance with the Stipulated Protective Order the parties executed and submitted to the arbitration panel, confidential materials were to be "used for no other purpose, including, but not limited to, other litigation." The Stipulated Protective Order also required the parties to destroy confidential materials within 45 days after entry of final judgment. Although final judgment entered nearly

two years ago, Hewitt's counsel has nonetheless failed to destroy the confidential materials in their possession.

Plaintiffs Gotham Holdings, LP, et al. ("Plaintiffs"), and Health Grades are currently adverse parties in a litigation pending before the United States District Court for the Southern District of New York. As part of discovery in that matter, Plaintiffs served Hewitt on February 13, 2009, with a subpoena to produce documents. Plaintiffs' subpoena sought materials protected by the arbitration clause and the Stipulated Protective Order. On May 11, 2009, the Court denied Health Grades' motion to quash and ordered Hewitt to respond by June 8, 2009 ("May 11, 2009 Order"). Hewitt has indicated that it will comply with the subpoena.

Health Grades has appealed the Court's May 11, 2009 Order. However, by complying with the Court's Order, Hewitt will disclose confidential materials before the resolution of Health Grades' appeal. If this occurs, the documents will forever lose their confidential status and Health Grades' appeal may be rendered moot. Thus, Health Grades respectfully asks the Court to stay its May 11, 2009 Order until Health Grades' appeal is resolved. In the alternative, Health Grades respectfully asks that the Court stay its May 11, 2009 Order until the Seventh Circuit rules upon Health Grades' motion to stay.

In addition, because Hewitt must comply with the Court's May 11, 2009 Order by June 8, 2009, Health Grades respectfully asks for an expedited ruling upon this Motion.

## ARGUMENT

I. **THE COURT SHOULD STAY ITS MAY 11, 2009, ORDER FOR THE DURATION OF HEALTH GRADES' APPEAL TO PRESERVE THE STATUS QUO.**

Fed. R. Civ. P. 62(c) authorizes the Court to stay enforcement of its May 11, 2009 Order pending resolution of Health Grades' appeal. Id. ("While an appeal is pending from an interlocutory or final judgment . . ., the court may . . . grant an injunction . . . ."); E.E.O.C. v.

2

Quad/Graphics, Inc., 875 F. Supp. 558, 559 (E.D.Wis. 1995) (staying enforcement of document subpoena pursuant to Fed. R. Civ. P. 62(c) pending appeal of order denying motion to quash).

A stay pursuant to Fed. R. Civ. P. 62(c) is appropriate when the balance of the following factors favors the movant: "(1) the [movant's] likelihood of succeeding on appeal, (2) whether the [movant] will be irreparably harmed if a stay is not granted, (3) whether the issuance of a stay would cause substantial injury to other parties interested in the lawsuit, and (4) where the public interest lies." Quad/Graphics, Inc., 875 F. Supp. at 559. As is demonstrated below, each of the factors weigh heavily in favor of Health Grades.

### A. Health Grades has a likelihood of succeeding on appeal because it will raise serious questions and issues of first impression in the Seventh Circuit.

The movant meets the "likelihood of success" factor when it shows that it will raise "serious questions on appeal." Thomas v. City of Evanston, 636 F. Supp. 587, 591 (N.D.Ill. 1986). To meet this factor, the movant is not required to demonstrate that it is "more than 50% likely to succeed on appeal; otherwise, no district court would ever grant a stay." Id. at 590.

Health Grades' assertion that the arbitration clause and the Stipulated Protective Order prohibit the disclosure of protected documents to Plaintiffs has substantial support in the law. See, e.g., Group Health Plan, Inc. v. BJC Health Sys., Inc., 30 S.W.3d 198 (Mo. App. 2000); Oak Valley Inv., L.P. v. Southwick, 2007 WL 4376121, at *1 (D.Utah 2007). This argument is further supported by the fact that the enforcement of the subpoena will improperly encroach upon the arbitration process, which is accorded great deference under the Federal Arbitration Act. See, e.g., Checkrite of San Jose, Inc. v. Checkrite, Ltd., 640 F. Supp. 234, (D.Colo. 1986) (holding that great deference is to be given to arbitration proceedings since they "are not constrained by formal rules of procedure"); 9 U.S.C. § 10. In fact, this Court acknowledged the merit of Health Grades' arguments at the May 11, 2009, hearing. Thus, Health Grades will present "serious questions on appeal." See Thomas, 636 F. Supp. at 590.

Furthermore, where, as here, an appeal will raise issues of first impression, courts routinely find the first factor satisfied. See, e.g., Simon Property Group, Inc. v. Taubman Centers, Inc. 262 F. Supp. 2d 794, 798 (E.D.Mich. 2003) ("[A] movant can satisfy this [first factor] where substantial legal questions or matters of first impression are at issue and the equities favor maintaining the status quo."). As demonstrated by the parties' pleadings and arguments, the Seventh Circuit has not considered the issues raised by Health Grades' motion to quash. Therefore, considering the case law supporting Health Grades' position and the novelty of the issues that will be presented to the Seventh Circuit, Health Grades' appeal is clearly meritorious. As a result, the first factor weighs heavily in Health Grades' favor.

**B.      Health Grades will suffer irreparable harm if a stay is not entered because once the confidential materials are produced they will lose their confidential status and Health Grades' appeal may become moot.**

Health Grades negotiated and entered into a contract with Hewitt that required the parties to treat "all aspects" of any arbitration confidential. This bargained-for confidentiality requirement was confirmed by the execution of the Stipulated Protective Order during the arbitration between the parties. Indeed, the primary reason Health Grades agreed to certain discovery during the arbitration was the safeguards offered by the Stipulated Protective Order.

Maintaining the status quo during the appeal is crucial in protecting the confidentiality of the arbitration between Health Grades and Hewitt. Once lost, the confidential status can never be regained regardless of whether Health Grades is successful on appeal. Furthermore, if the protected materials are produced, the very event Health Grades seeks to avoid would have occurred. Thus, Health Grades' appeal may be rendered moot. Under these circumstances, "courts have routinely issued stays where the released documents would moot a defendant's right to appeal." People for the Am. Way Found. v. U.S. Dep't of Ed., 518 F. Supp. 2d 174, 177 (D.D.C. 2007); see Providence Journal Co. v. Fed. Bureau of Investigation, 595 F.2d 889, 890

4

(1st Cir. 1979) (holding stay appropriate where "[o]nce the documents are surrendered pursuant to the lower court's order, confidentiality will be lost for all time" and that the "status quo could never be restored"); Quad/Graphics, Inc., 875 F. Supp. at 560 (finding irreparable harm because release of subpoenaed documents would render appeal moot).

In addition, adding the volumes of confidential material in Hewitt's possession to the numerous documents already produced in the underlying litigation arbitration will substantially increase Health Grades' costs. Even if Health Grades succeeds on appeal, it will likely not be able to recoup these added and ultimately unnecessary costs. Thus, this factor also weighs in favor of this Court entering a stay of its May 11, 2009 Order.

### C. **Plaintiffs will not suffer substantial injury if this Court enters a stay.**

A stay is further appropriate because Plaintiffs will not suffer any harm, let alone "substantial harm," if the status quo is preserved. Quad/Graphics, Inc., 875 F. Supp. at 559. The only "harm" Plaintiffs may allegedly incur is the delayed receipt of the subpoenaed information. Case law makes clear that this does not amount to "substantial harm" under Fed. R. Civ. P. 62(c). See id. at 560 (holding that delay in obtaining subpoenaed documents did not constitute "substantial harm").

Plaintiffs will likely argue that the delay in obtaining the documents will prejudice their ability to prepare for trial in the matter pending in the Southern District of New York. The contention lacks any merit. Staying enforcement of the Court's May 11, 2009 Order, will <u>not</u> affect Plaintiffs' ability to conduct discovery in the underlying litigation. Plaintiffs can obtain the desired information from sources other than the protected materials. In fact, if Hewitt had complied with the terms of the Stipulated Protective Order, traditional discovery would be Plaintiffs' only recourse.

5

Furthermore, the Court in the underlying litigation has not entered a case management plan, nor set a trial date.[1] It is very likely that Health Grades' appeal would be resolved well in advance of the underlying trial. Thus, any claimed harm to Plaintiffs is, at most, speculative. Accordingly, the lack of substantial harm to Plaintiffs additionally weighs in favor of entering a stay.

### D. The public interest favors entry of a stay.

The public interest supports entering a stay to ensure that a litigant preserves its right to appeal. As discussed above, the disclosure of the confidential materials may affect Health Grades' appeal. Furthermore, the disclosure of the materials is entirely unnecessary since Plaintiffs can obtain the desired information from other sources. Thus, maintaining the status quo would serve the public interest.

Additionally, the strong federal policy favoring the voluntary arbitration of disputes is promoted "by permitting one of the principle advantages of arbitration – confidentiality – to be achieved." Global Reinsurance Corp. v. Argonaut Ins. Co., 2008 WL 1805459, at *1 (S.D.N.Y., April 18, 2008). Consistent with this policy, the Court should maintain the confidentiality of the arbitration materials until Health Grades' appeal is resolved.

Thus, as the above confirms, a balancing of the relevant factors weighs heavily in favor maintaining the status quo and entering a stay of the Court's May 11, 2009 Order during the pendency of Health Grades' appeal.

### CONCLUSION

Health Grades' appeal raises serious and novel issues. If a stay is not entered, Health Grades will suffer irreparable injury through the disclosure of confidential material and the

---

[1] Recently, on May 4, 2009, the parties submitted a proposed scheduling order and requested that trial start on or about September 15, 2010 – approximately 16 months from the date of this filing. That Court has not acted on this submission yet.

potential mooting of its appeal. Conversely, Plaintiffs will not suffer substantial injury by the delay in obtaining the protected materials since the desired information may be obtained from alternative sources through traditional discovery. Considering a litigant's right to an appeal, in addition to the strong federal policy favoring arbitration, the public interest lies with maintaining the status quo during Health Grades' appeal. Therefore, this Court should stay enforcement of its May 11, 2009 Order until Health Grades' appeal is resolved.

In the event the Court does not enter a stay for the pendency of the appeal of its May 11, 2009 Order, Health Grades alternatively requests that the Court stay enforcement of its Order until the Seventh Circuit rules upon Health Grades' Fed. R. App. P. 8 motion to stay.

Finally, because Hewitt must comply with the Court's May 11, 2009 Order no later than June 8, 2009, Health Grades respectfully asks for an expedited ruling upon this Motion.

WHEREFORE, Health Grades, Inc., respectfully requests: (1) that the Court enter an Order staying its May 11, 2009 Order, pending resolution of Health Grades' appeal of that Order, or, in the alternative, until the Seventh Circuit rules upon Health Grades' motion to stay; (2) for an expedited ruling on Health Grades' Motion; and (3) such other relief as the Court deems just and proper.

Dated: May 27th, 2009.

s/ Matthew C. Luzadder
Stephen A. Wood
Matthew C. Luzadder
Kelley Drye & Warren, LLP
333 West Wacker Drive, Suite 2600
Chicago, Illinois 60606
T: (312) 857-2623
F: (312) 857-7095
*Attorneys for Defendant/Appellant Health Grades, Inc.*